DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LAWRENCE JOSEPH,

**MEMORANDUM & ORDER**

Plaintiff,

**13-CV-1678 (NGG) (LB)**

-against-

TICARRA STEWART, MARVIN BETTIS,

Defendants.
-------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Lawrence Joseph, appearing pro se, brings suit against Defendants Ticarra

Stewart and Marvin Bettis of the New York City Human Resources Association alleging that his

constitutional rights were violated when his failure to pay child support resulted in the

suspension of his driver's and professional licenses and the loss of unemployment benefits.

(Compl. (Dkt. 1) at 2.)  Plaintiff's request to proceed in forma paupers ("IFP") (Dkt. 2) is

GRANTED.  For the reasons set forth below, Plaintiff's Complaint is DISMISSED WITHOUT

PREJUDICE for lack of subject matter jurisdiction.

## I.    BACKGROUND

The following facts are taken from Plaintiff's Complaint and, for the purposes of this

Memorandum and Order, assumed true.

Plaintiff's failure to pay $3,858 of child support obligations has caused the suspension of

Plaintiff's driver's license, professional license, and unemployment benefits.  (See Compl. at 2.)

Plaintiff called Defendants, who stated that Plaintiff's licenses will not be reinstated until his

child support obligations are paid.  (Id.)  These suspensions, Plaintiff argues, have made it

difficult for him to find employment, pay his financial obligations, and violated his constitutional

1

rights.  (See id.)  Plaintiff requests that this court reinstate his licenses and award monetary

damages for pain and suffering.  (Id. at 1; see also Jun 27, 2013, Pl. Ltr. (Dkt. 5).)

## II.    STANDARD OF REVIEW

In reviewing a complaint submitted pro se, the court reads the plaintiff's submissions

liberally and interprets them as raising the strongest arguments they suggest.  See McEachin v.

McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.

1994).  This is because "a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89,

94 (2007) (internal quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is

plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  While "detailed factual allegations" are not required, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

As a "creature[] of limited jurisdiction," Marcella v. Capital Dist. Physicians' Health

Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002), this court is "duty bound to ascertain that it ha[s]

jurisdiction," Gutierrez v. Fox, 141 F.3d 425, 426, 428 (2d Cir. 1998).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C.

§§ 1331 and 1332.  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).  Section 1331 provides

federal question jurisdiction and Section 1332 confers jurisdiction based on diversity of

citizenship. Id. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, the Complaint fails to present a federal question or establish jurisdiction based on diversity of citizenship; instead, it presents questions concerning domestic relations. Federal courts generally lack subject matter jurisdiction over such claims. "So strong is [the Supreme Court's] deference to state law in this area that [it has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13, (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).

Plaintiff challenges the enforcement and effect of his child support obligations, and although he invokes his constitutional rights, the essence of his allegations concern state law domestic relations matters. See Watty v. Cuomo, No. 12-CV-2660 (SJF) (WDW), 2013 WL 812491, at *4 (E.D.N.Y. Jan. 28, 2013) (Report and Recommendation), adopted by id., 2013 WL 816284 (E.D.N.Y. Mar. 1, 2013) ("[C]laims about the impact on [plaintiff] of child support orders concerns state law domestic relations matters, matters that are better adjudicated in state court . . . ."); see also Sullivan v. Xu, No. 10-CV-3626 (ENV), 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) ("Although plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic relations matters."); Csikota v. Tolkachev, No. 08-CV-5283 (JBW) (LB), 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) (Report and Recommendation), adopted by id. at *1 ("The [domestic relations] exception has consistently been applied to child support judgments as well."). Notably, Plaintiff does not appear to allege that he was deprived of due process when his professional licenses were revoked, only that the

revocation poses a financial hardship.  Moreover, Plaintiff has not demonstrated why the New York State courts are not available for full and fair adjudication of his claims.

Accordingly, the "domestic relations" exception to federal question jurisdiction requires dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       July 22, 2013

_____
NICHOLAS G. GARAUFIS
United States District Judge

4